**MANDATORY FORM PLAN (Revised 05/24/2017)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN     DIVISION at     COLUMBUS

| | | | |
|---|---|---|---|
| In re | STEVEN M. OAKS, | ) | Case No.   17-54445 |
| | | ) | |
| | | ) | Chapter 13 |
| | | ) | Judge     John E. Hoffman, Jr. |
| | Debtor(s) | | |

### CHAPTER 13 PLAN

## 1. NOTICES

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
☐ Debtor _____ is **not eligible** for a discharge.
☐ Joint Debtor _____ is **not eligible** for a discharge.

☒ **Initial Plan**
☐ **Amended Plan**  The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affect any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. LBR 3015-2(a). Any changes (additions or deletions) from the previously filed Plan or Amended must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court.

If an item is not checked, the provision will be ineffective if set out later in the Plan.
☐ **This Plan contains nonstandard provisions in Paragraph 13.**
☒ **This Plan limits the amount of a secured claim based on a valuation of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.**
☐ **This Plan avoids a security interest or lien. See Paragraph(s) 5.4.1 and/or 5.4.2.**

**NOTICES TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions). Upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. Unless otherwise ordered by the Court, the confirmation hearing in this case shall include a valuation hearing under § 506 and Rule 3012. The Court may confirm this Plan if no objection to confirmation is filed within fourteen (14) days after the § 341 Meeting of Creditors is concluded or, if this is an Amended Plan, objections must be filed by the deadline in the twenty-one (21) day notice. LBR 3015-3 and 3015-2.**

## 2. PLAN PAYMENT AND LENGTH

**2.1 Plan Payment.**  The Debtor shall pay to the Trustee the amount of $ <u>1,113.00</u> per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:** _____

**2.2 Unsecured Percentage.**

☒ **Percentage Plan.**  Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of <u>100</u> % on each allowed nonpriority unsecured claim.

**MANDATORY FORM PLAN (Revised 05/24/2017)**

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %. LBR 3015-1(c)(2).

## 2.3 Means Test Determination.

☒ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☐ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

## 3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount | |
|---|---|---|---|
| NCP Finance | 2002 Honda | $50.00 | |
| MCR Rentals | Storage Shed (RTO) | $200.00 | |

## 4. VALUATION OF REAL PROPERTY

Unless otherwise stipulated by the parties or ordered by the Court, real property shall be valued at the amount set forth in the filed appraisal. If no objection is timely filed, the value of the real property set forth in the filed appraisal will be binding upon confirmation of the Plan. If a creditor files a timely objection to valuation of real property pursuant to LBR 3015-3(a), the confirmation hearing shall include a valuation hearing under § 506 and Rule 3012, unless otherwise ordered by the Court.

## 5. PAYMENTS TO CREDITORS

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

## 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse**.

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| Huntington National Bank | 263 N. Sandusky | Y | $387.00 | |

**Debtor direct pay**. Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | | |

### 5.1.2 Modified Mortgages and/or Liens Secured by Real Property ["Cramdown/Real Property"]

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Address | Value of Property and Appraisal | Interest Rate | Minimum Monthly Payment | |
|---|---|---|---|---|---|
| | | $ _____ <br> ☐ Appraisal Filed <br> ☐ Appraisal forthcoming | | | |

MANDATORY FORM PLAN (Revised 05/24/2017)

### 5.1.3 Claims Secured by Personal Property for Which § 506 Valuation is Not Applicable ["910 Claims/Personal Property"]

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| | Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### 5.1.4 Claims Secured by Personal Property for Which § 506 Valuation is Applicable ["Cramdown/Personal Property"]

The following claims are secured by personal property not described above in Paragraph 5.1.3. Unless otherwise stipulated by the parties or ordered by the Court, the property shall be valued for purposes of § 506 at the lower of the creditor's representation on its proof of claim or the Debtor's representation below. LBR 3012-1(a). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. If a creditor files a timely objection to the valuation of the property, the confirmation hearing shall include a valuation hearing under § 506 and Rule 3012 unless otherwise ordered by the Court.

| | Name of Creditor | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|---|
| | NCP Finance | 2002 Honda | 04/07/17 | $2,000.00 | 6% | $50.00 | |

### 5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)

If neither box is checked, then presumed to be none.

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| | Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | | |

**MANDATORY FORM PLAN (Revised 05/24/2017)**

**5.1.6 Executory Contracts and/or Unexpired Leases**

**The Debtor rejects** the following executory contracts and/or unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within sixty (60)
> days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be
> treated as a Class 4 nonpriority unsecured claim.

| | Name of Creditor | Property Description | |
|---|---|---|---|
| | | | |

**The Debtor assumes** the following executory contracts and/or unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract and/or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| | Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date | |
|---|---|---|---|---|---|---|---|
| | MCR Rentals | Storage Shed (RTO) | 5 | $200.00 | $-0- | 12/17 | |

**Debtor direct pay.**

| | Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**5.1.7 Administrative Claims**

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount | |
|---|---|---|---|---|
| Christopher J. Spiroff, Esq. | $3,500.00 | $2,500.00 | $350.00 | |

MANDATORY FORM PLAN (Revised 05/24/2017)

## 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim | |
|---|---|---|
| Huntington National Bank | $6,000.00 | |

### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage | |
|---|---|---|---|
| | | | |

## 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be avoided. The Debtor shall file a motion for any mortgage/lien to be avoided. The motion shall be filed on or before the § 341 meeting of creditors and shall be served pursuant to Rule 7004. The confirmation hearing may be rescheduled if a timely motion is not filed. Optional form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor | Amount of Wholly Unsecured Mortgage/Lien | Property Address | Value of Property and Appraisal | Total Amount of SENIOR Mortgage/Liens | |
|---|---|---|---|---|---|
| | | | $ _____<br>☐ Appraisal Filed<br>☐ Appraisal forthcoming | | |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)
(A). The Debtor shall file a motion for any judicial lien to be avoided. The motion shall be filed on or before the §
341 meeting of creditors and shall be served pursuant to Rule 7004. The confirmation hearing may be rescheduled
if a timely motion is not filed. Notwithstanding the foregoing, if a judicial lien is discovered after confirmation of
the plan, a motion to avoid the judicial lien may be filed promptly after the judicial lien is discovered. Optional
form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor | Amount of Judicial Lien | Property Address | Value of Property and Appraisal | Amount of Exemption | Total Amount of all OTHER Liens | Amount of Judicial Lien to be Avoided | |
|---|---|---|---|---|---|---|---|---|
| | | | | $ _____<br>☐ Appraisal Filed<br>☐ Appraisal forthcoming | | | | |

### 5.4.3 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims.
The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided.
To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided
a colorable claim exists that would benefit the estate.

| | Name of Creditor | Action to be Filed By | Address of Property | |
|---|---|---|---|---|
| | | ☐ Debtor<br>☐ Trustee | | |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall not be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor
or third party.

| | Name of Creditor | Name of Payor | |
|---|---|---|---|
| | | | |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall not be paid by the Trustee but shall be paid directly by the Debtor.

| | Name of Creditor | Monthly Payment Amount | |
|---|---|---|---|
| | | | |

MANDATORY FORM PLAN (Revised 05/24/2017)

### 6. SURRENDER OF PROPERTY

The Debtor elects to surrender the following property to the creditor that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) shall be terminated as to the surrendered property only.

| | Name of Creditor | Description of Property | |
|---|---|---|---|
| | | | |

### 7. INTEREST RATE

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of __6__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

### 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

#### 8.1 Federal Income Tax Returns

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

#### 8.2 Federal Income Tax Refunds

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and/or additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

### 9. OTHER DUTIES OF THE DEBTOR

#### 9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

#### 9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications and/or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**MANDATORY FORM PLAN (Revised 05/24/2017)**

### 9.3 Social Security

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

### 10. INSURANCE

### 10.1 Insurance Information

As of the petition date, the Debtor's real and/or property is insured as follows.

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information | |
|---|---|---|---|---|---|
| 263 N. Sandusky (Includes Shed) | Nationwide | 9284HP807710 | Full | 800.421.3535 | |
| 2002 Honda | Allstate | 980836038 | Full | 937.599.4858 | |

### 10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

### 11. EFFECTIVE DATE OF THE PLAN

The effective date of the Plan is the date on which the order confirming the Plan is entered.

### 12. VESTING OF PROPERTY OF THE ESTATE

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☒ Other    Property of the estate shall not vest in the Debtor upon confirmation, but shall remain property of the estate until the case is converted, dismissed, or a discharge is issued, whichever occurs first.

### 13. NONSTANDARD PROVISIONS

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions | |
|---|---|
| | |

**MANDATORY FORM PLAN (Revised 05/24/2017)**

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

Debtor's Attorney

/s/   Christopher J. Spiroff, Esq.

Date: 07/20/17

Debtor                                          Joint Debtor

/s/   Steven M. Oaks                            /s/

Date: 07/20/17                                  Date:

MANDATORY FORM PLAN (Revised 05/24/2017)

☒ This Plan was filed with the petition or within seven (7) days thereafter. Accordingly, the Court will serve the Plan. See LBR 3015-1(b).

☐ This Plan was not filed with the petition or within seven (7) days thereafter. Accordingly, the Debtor will serve the Plan. See LBR 3015-1(b).

### Certificate of Service

I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on _____ addressed to:

_(Name and Address)_ _____

/s/ _____
(Name)